# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JIMMIE E. SMALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-cv-04006-NKL |
| MISSOURI COMMISSION ON HUMAN RIGHTS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Plaintiff Jimmie E. Small sued Defendants Missouri Commission on Human Rights (MCHR), its executive director, Lisa Warren, and an investigator, Sandra Harring; the Lake Road Village Trailer Park; and the United States Department of Housing and Urban Development (HUD) in the Circuit Court of Cole County, Missouri. HUD, an agency of the United States, removed the case to Federal court under 28 U.S.C. § 1442(a)(1). [Doc. 1.] HUD now moves to dismiss Small's claims against it, for lack of subject matter jurisdiction or in the alternative, failure to state a claim. [Doc. 5] The motion to dismiss is granted. The Court on its own motion will also order the case remanded to state court.

## I.  Background[1]

Small's Petition is captioned "Petition for Judicial Review of Final Agency Action Entered on July 1, 2015, No[t] Delivered Until Approximately August 13, 2015 or About that Time." [Doc. 1-1.] Small alleges that in 2010, his landlord, Lake Road Village Trailer Park,

---

[1] These facts appear in Small's petition. [Doc. 1-1.] For purposes of deciding HUD's motion to dismiss, the Court accepts Small's factual allegations as true and construes them in the light most favorable to Small. *See Stodghill v. Wellston Sch. Dist.,* 512F.3d 472, 476 (8th Cir. 2008).

sought to evict him for non-payment of rent. The same year, Small filed a complaint with the MCHR against Lake Road Village Trailer Park. On August 27, 2014, Small's landlord filed a lien against him in connection with unpaid rent; Small filed a petition in the Adair County, Missouri Circuit Court to contest the lien. On April 21, 2015, Small filed a complaint with the MCHR against his landlord, alleging he was constructively evicted and claiming his landlord had filed the lien in retaliation for the 2010 MCHR complaint he had filed.

Small alleges that the 2010 MCHR case file contained numerous photographs that investigator Harring had taken of his mobile home in connection with that complaint. Small alleges that after he filed the 2015 MCHR complaint, he made an open records request to the MCHR for the 2010 case file, which the MCHR told him it would retrieve from storage for him. But, Small alleges, the MCHR subsequently advised him that the photographs had been destroyed. Small complains that he received neither notice of nor explanation for the destruction of the photographs.

On July l, 2015, the MCHR dismissed Small's 2015 complaint. The MCHR concluded the complaint was untimely, having been filed more than 180 days after the date of the alleged discrimination, and that the MCHR therefore lacked jurisdiction.

Small disputes the MCHR's conclusion that the complaint was untimely. He also alleges that the MCHR's destruction of the photographs violated his rights under the Fair Housing Act, an open records law, Missouri housing laws, and the Constitution, and constituted arbitrary and capricious agency action.

With respect to HUD, under the section of the Petition captioned "Federal Housing Act," Small states that an "EEOC CHARGE … was timely and dually filed with" his MCHR complaint. [*Id.,* p. 6.] He then alleges: "The Federal EEOC and HUD Federal Agency have

2

provided no final agency Action in context [sic] Administrative Exhaustion of federal remedies, as of July 01, 2015 or any other date for timely jurisdictional purposes." [*Id.*]

Small requests entry of an order "docketing [his] petition in judicial review[.]" [*Id.*, p. 11.]

## II. Discussion

### A. HUD's motion to dismiss

HUD argues that dismissal is appropriate because the Petition neither identifies any waiver of sovereign immunity that would permit HUD to be sued, nor states a cause of action against HUD. As discussed below, HUD will be dismissed because it has sovereign immunity.

Sovereign immunity precludes the exercise of subject-matter jurisdiction over a suit against the federal government or its agencies, including HUD, absent a waiver of that immunity. *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994); *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *V S Ltd. P'Ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000). Where, as here, a federal agency seeks dismissal for lack of subject-matter jurisdiction, the burden of showing both a waiver of sovereign immunity and a grant of jurisdiction falls on the plaintiff. *V S Ltd. P'Ship,* 235 F.3d at 1112. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

Small does not allege any facts establishing that HUD's sovereign immunity has been waived. The Fair Housing Act, which small cites in the Petition in connection with HUD, provides no express or implied right of action against it. *See, e.g., Godwin v. Secretary of Housing of Housing and Urban Development*, 356 F.3d 310, 312-13 (D.C. Cir. 2004) (holding that while the FHA authorizes judicial review when HUD charges discriminatory housing

3

practices, it confers no right of review when HUD fails to issue a charge; hence a federal court lacks jurisdiction over an action for such review); *Marinoff v. U.S. Dept. of Housing and Urban Development*, 892 F. Supp. 493, 496 (S.D.N.Y. 1995) (the FHA does not authorize private actions against HUD for alleged failure adequately to investigate a claim of discrimination, because "the FHA provides no express or implied right of action against HUD"), *aff'd*, 78. F.3d. 64 (2nd Cir. 1996).

In the section of his Petition captioned "Fair Housing Act" and referring to HUD, Small also alleges that he dually filed an "EEOC CHARGE" when he filed his MCHR complaint. He then appears to complain that the EEOC and HUD failed to provide a final administrative determination, for purposes of permitting him to exhaust administrative remedies. Assuming for the sake of argument that Small filed a proper administrative complaint with the Secretary of HUD, that the Secretary failed to file a final administrative determination, and any determination the Secretary might make could reach the issues Small complains about in the Petition, no waiver of immunity exists that permits Small to sue HUD for failure to provide a final administrative determination. The Administrative Procedure Act does provide for limited judicial review, *i.e.,* of "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court.*" 5 U.S.C. § 704 (emphasis added). But a person who has filed an FHA complaint with the Secretary of HUD may proceed in federal court against the alleged perpetrator of discrimination, irrespective of the Secretary's action on the complaint. 42 U.S.C. § 3613(a)(1)(A). In other words, Small has another adequate remedy, and judicial review under the APA is therefore not available. *See Godwin*, 356 F.3d at 312-13; *Turner v. Secretary of the United States Dep't of Housing and Urban Development*, 449 F.3d 536, 539-41 (3rd Cir. 2006); *Copeland v. U.S.,* 622 F.Supp.2d 1347, 1353 n.4 (S.D. Fla. 2008); and *Marinoff*,

4

892 F. Supp. at 496-97.  *C.f. Baba v. Japan Travel Bureau International, Inc.,* 111 F.3d 2, 6 (2nd Cir. 1997) (EEOC may not be sued for alleged failure to properly investigate or process administrative charge of discrimination under 42 U.S.C. §§ 2000, *et seq*. (Title VII); Title VII provides no cause of action for procedural defects).

Furthermore, there is no Congressional waiver of immunity for any Constitutional violations Small asserts, *see Meyer,* 510 U.S. at 477, nor is the Court aware of relevant waivers for the other laws Small refers to throughout the Petition.  The Court has reviewed Small's suggestions in opposition to HUD's motion and concludes Small's arguments do not change the above analysis.

In view of the foregoing, this Court lacks subject matter jurisdiction over Small's claims against HUD, and HUD will therefore be dismissed.  The Court need not reach HUD's alternative argument for dismissal based on failure to state a claim.

**B.     Remand**

In the interests of judicial economy, the Court will on its own motion take up a final issue.  Removal jurisdiction was premised on the presence of a federal defendant that, as discussed above, will now be dismissed.  Several non-federal defendants remain.  The Court concludes remand is appropriate for claims against these non-federal defendants.

Whether to remand the remainder of the case to state court is a decision committed to this Court's sound discretion.  *Bushman v. Seiler,* 755 F.2d 653, 654 (8th Cir. 1985).  *See also Carnegie Mellon Univ. v. Cohill,* 484 U.S. 343, 357 (1988) (a district court's decision of whether to decline or retain jurisdiction depends upon considerations of "economy, convenience, fairness and comity" which must be weighed in each case), and 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3726 (4th ed.) (when

removal was based on § 1442(a)(1) and presence of one federal agency, a district court can exercise its discretion to decline jurisdiction over the supplemental claims if the federal agency drops out of the case; "[w]hether the supplemental claims should be remanded if the … 'anchor' claim is dismissed … depends on considerations of comity, federalism, judicial economy, and fairness to litigants").

Factors supporting remand include litigation being in the early stages; the plaintiff's choice of the state forum; lack of determinative federal law issues; and unresolved, novel or complex questions of state law. *See Myers v. Moore, Engineering, Inc.,* 42 F.3d 452, 454 (8th Cir. 1994); *Bushman,* 755 F.2d at 654; *Richards v. Windschitl,* 2007 WL 951438, *3 (D. Minn. Mar. 27, 2007); *Krambeck v. Children and Families of Iowa, Inc.,* 451 F.Supp.2d 1037, 1043-45 (S.D. Iowa 2006); *Nobles v. Alabama Christian Acad.*, 917 F. Supp. 786, 790 (M.D. Ala. 1996); and *Torres v. CBS News*, 879 F. Supp. 309, 321 (S.D.N.Y.) *aff'd sub nom. Torres v. Schumer*, 71 F.3d 406 (2nd Cir. 1995).

Here, the case is in the earliest stages of litigation, and there has been no substantial commitment of resources to any other claims. Small originally filed his petition in state court, and that is presumably the forum he prefers in which to bring his various claims. The remaining defendants are a state agency, two officials or employees of that agency, and his former landlord, and his claims against them all spring from complaints that Small filed against his landlord and the photographs allegedly destroyed by the state agency or officials in connection with those Small's complaints. It is difficult to determine from the Petition or Small's suggestions in opposition whether the state law violations he claims the non-federal defendants committed involve unresolved, novel, or complex questions of state law. But as for Small's claims against the remaining federal defendants, "state courts are equally competent to determine issues of

federal constitutional law," *Middleton v. McDonald,* 388 F.3d 614, 617-618 (8th Cir. 2004), and may adjudicate a claim under the FHA, *see Lippman v. Bridgecrest Estates I Unit Owners Association, Inc.,* 4 S.W.3d 596 (Mo. Ct. App. 1999), to the extent one remains. The Court in its discretion concludes that the principles of comity, federalism, judicial economy, and fairness to litigants will best be served by remand of this case.

## III.     Conclusion

Defendant United States Department of Housing and Urban Development's motion to dismiss [Doc. 5] is granted, and this case is ordered remanded to state court.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  March 18, 2016  
Jefferson City, Missouri

7

Case 2:16-cv-04006-NKL   Document 16   Filed 03/18/16   Page 7 of 7